## Cavin, et al. v. Little.

(Decided March 9, 1926.)

### Appeal from Daviess Circuit Court.

1. Wills—Devisees Accepting Real Property Devised Held Estopped to Assert Claim to Such Property Under Transfer Made by Testator Prior to His Death.—Where testator, prior to his death, had without consideration transferred certain lands to wife and then devised life estate in such lands to wife, remainder to daughters, wife and daughters, taking this and other property under will, held estopped to assert claim to such property under prior transfer.

2. Wills—Devisee Held Not Entitled to Claim Title to Alley by Prescription, where its Use was Permitted by Will Only Until a Street was Opened.—Where devisee under terms of will could use certain alley until street was opened, she could not claim title to such alley by prescription three years after street was opened, having used it by permission only prior thereto, since, having taken under will, devisees cannot assert rights against its provisions.

3. Wills—Devisee could Not Convey Title Received from Testator Before His Death After Accepting Life Estate Only Under Will.—Where testator, prior to his death, had without consideration transferred certain lands to wife and had later devised life estate in such lands to her, by accepting them under will, she waived claims to prior transfer, and deed given in attempt to convey whole title to daughter held void.

4. Wills—Plaintiff Held Not Estopped to Assert Rights Under Will Because Defendant Acted on Advice of Counsel.—In controversy over use of alley, where defendant had by her father's will been given right to use it for certain time, and plaintiff owned it subject to life estate in mother, plaintiff was not estopped to assert her legal rights because defendant used alley on advice of counsel, where plaintiff did nothing toward procuring such advice and did not induce defendant to accept it.

5. Estoppel.—Acceptance of grant in aid of title will not estop grantee to claim under conveyance purporting to convey such title.

6. Estoppel.—Taking quitclaim deed by one in possession of land from one asserting an interest does not estop him from denying such grantee's title.

7. Wills—Grantee of Devisee Held Charged to Use Reasonable Diligence to Ascertain Contents of Will.—Where devisee transferred devised property referring to father's will for title, and by terms of will her right to use certain alley had expired, grantee held charged to exercise due diligence in ascertaining contents of will; failing to do so is presumed to have had knowledge of limitations in will.

8. Action.—Remainderman, during life of life tenant, may bring action under declaratory judgment act seeking construction of will, where title to property is concerned.

SLACK, BIRKHEAD & SLACK for appellants.

SANDIDGE & SANDIDGE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Belle J. Cavin, is a sister of appellee, Daisy G. Little, daughters of the testator, F. T. Gunther and Sophia Gunther. The mother, Sophia Gunther, still resides in the old Gunther home on Frederica street, in Owensboro, Kentucky, but the father, F. T. Gunther, died about 1905, after having executed a will disposing of a large estate. One son, Frank N. Gunther, survived the father. He was provided for in his father's will but by a codicil all devises to the son were revoked.

In addition to his residence on Frederica street in Owensboro, Kentucky, testator owned quite a lot of other real property, some of it on Frederica street,. adjoining his home place. The lot on which his residence stood faced 55 feet on Frederica street and ran back about 297 feet to a point where St. Elizabeth street is now located. Later he bought an adjoining lot facing 116 feet on Frederica street and running back to St. Elizabeth. After acquiring these two lots the father, testator, laid out and constructed an alley or driveway along the north edge of his residence property but on the edge of the 116-foot lot. This alley he used as a driveway in connection with his home place. It was about 10 feet wide and extended back about 150 feet or a little more. On it he erected his coal house in which he kept coal for heating his residence. He also erected a barn at the rear end of the alley, in which barn he kept horses and vehicles. There was also a cow lot at the rear of his residence which was reached by the alley. All servants and persons coming to the rear of his residence passed through and over this alley. This use of the alley continued for some

twenty or thirty years before the death of the testator, F. T. Gunther, and is the bone of contention in this lawsuit between the sisters, daughters of the testator.

The widow, Sophia, by last will of the testator was devised "all of my estate, real, personal and mixed, . . . except that hereinafter specifically devised." By the second item of the will he bequeathed certain moneys to his grandchildren. By the third paragraph of his will he devised to his son, F. N. Gunther, two houses and lots on Fifth street and other property. By the fourth paragraph of the will he gave to his daughter, Belle, the income from three houses on the lot adjoining his residence facing on Frederica street, which houses were built in 1900, she being required to pay the taxes, insurance and repairs. By the next paragraph of his will he gave to his daughter, Daisy, certain shares of bank stock and other stocks and the rents and income from a storehouse on Main street in Owensboro. After making other specific devises the testator in the 9th item of his will provided: "As to the rest and residue of my estate, the remainder in the property devised for life to my wife, I desire to say that I have heretofore advanced in money and property to my son, Frank N. Gunther, near $17,000.00, on account of which, to equalize my children, he is not entitled to as much of the residue of my estate as his sister. . . . At the death of my said wife, it is my will and I devise to my daughter, Belle Cavin, the three houses and lots on Frederica street, the income from which is heretofore devised to her, the lots fronting one hundred and ten feet on Frederica street, Owensboro, Kentucky, and running back two hundred and ninety-seven feet." Then, after devising to her other real property and some stocks and bonds, he gave his daughter, Belle, "also my horses, buggies, cow, harness and feed." Then follows this provision: "She is to be allowed the use of the alley between her houses and my residence property until the street may be opened in the rear of my said residence property, then Mrs. Cavin must open up an alley to the rear of her house and give up the use of the one between the dwelling and her houses." That paragraph of the will relates to the alley in controversy, and this litigation revolves around it and depends upon its construction and certain other facts and circumstances connected with the two lots on which the residence of the testator stood, and the one upon which the three residences were erected by him and which were de-

vised to his daughter, Belle. In the same clause of the will, while speaking of the residue of his estate, the testator provided: "I devise to her (Daisy) the house and lot where I now reside on Frederica street, lots on White avenue, Owensboro, Kentucky," and much other property, including some stocks and bonds. Concluding that paragraph he said: "Also all my household and kitchen furniture, silverware, pictures, books, in fact, every article in the house, and she may give to her brother and sister any of such articles she pleases, if she wishes to do so."

Some years before the death of the testator he conveyed to his wife the lot on which his residence stood and the one on which he later built the three houses which he gave to his daughter, Belle, and to make it doubly certain that his wife was to have this property he, jointly with his wife, conveyed the property to a trustee with the express provision that the trustee reconvey it to the wife, and this was done. These deeds were placed to record. They were made some years before the testator erected the three houses on the lot which is now occupied and claimed by the daughter, Mrs. Belle Cavin. No reason is assigned in the record for the conveyance of the two lots to his wife, for he was a man of large property. After the death of the testator the mother and daughters feared that the disinherited son and brother might assert title to these two pieces of real property, and to settle all matters decided that the mother should convey the Gunther residence lot to the daughter, Daisy, to whom the testator by his will had devised the home place and convey the 116-foot lot with the three houses to the daughter, Belle, in accordance with the terms of the will, and this was done, and these deeds were placed to record. Immediately after the death of the testator his will, part of which we have copied, was duly probated by the county court of Daviess county and the orders entered in the office of the clerk of the Daviess county court. At that time appellant, Mrs. Belle Cavin, was in possession of the three houses and lot immediately north of the old Gunther residence, and the daughter, Daisy, and her mother resided in the old residence. The deeds from the mother to the daughters covering these two lots followed and embraced the description employed in the original deeds to F. T. Gunther and took no notice whatever of the alleyway now in controversy. About the year 1919, the street at the rear of the old Gunther residence, for-

merly called Ewan court, but now St. Elizabeth street, was opened. Shortly thereafter appellant, Mrs. Belle Cavin, sold and conveyed to appellant, Lee Hart, a real estate man. of Owensboro, some or all of her lots facing on St. Elizabeth street, and as an incident to that grant undertook to convey him the right and privilege of using the alleyway to which we have referred as running east from Frederica street along the northern line of the old Gunther homestead, and after obtaining the grant appellee, Hart, began to use the alley for the purpose of bringing in building material and carrying out refuse from the rear of his lots. This suit was then commenced by Mrs. Little against her sister, Mrs. Cavin, and appellant, Hart, to have it adjudged that Mrs. Cavin had no right or title to the alleyway from and after the date of the opening of St. Elizabeth street at the rear of her property, and set up and relied upon that part of the will of the father, F. T. Gunther, which reads: "She (Belle) is to be allowed the use of the alley between her house and my residence property until the street may be opened in the rear of my residence property, then Mrs. Cavin is to open up an alley to the rear of her house and to give up the use of the one between her dwelling and the houses."

Appellee, Little, insists that inasmuch as the street at the rear of the old Gunther residence has been opened up and put in use as a public street and appellants have no right to employ or use the alley connecting with Frederica street, even though the alley was embraced in the deed from the widow and mother, Sophia, to appellant, Belle Cavin, and, for the further reason that both appellants acted under the advise of counsel in good faith; Mrs. Cavin and Mrs. Gunther has had continuous adverse use of the alley over twenty-two years and have had both the title and the use for over fifteen years before the commencement of this action, appellants' whole contention being set out in their brief as follows:

"1.   That appellee, having no right to use the alley herself, certainly has no right to object to appellants' use of it; that she has no interest whatever in the subject matter of this action in so far as the use of the alley is concerned, and no standing to object to or ask any relief against appellants' use of it.

"2.   That even if it be assumed that the widow, Mrs. Gunther, took and held title under the will only, that title being a life estate in the home place and in

the alley as appurtenant thereto, that would not avail appellee; because Mrs. Gunther could and did convey to Mrs. Cavin all her right in the alley, and therefore Mrs. Cavin would still have the right to the alley during the existence of her mother's life estate.

"3.   That appellant, Mrs. Cavin, was not put to any election by the provisions of the will of her father, and therefore is not estopped or precluded by accepting the property devised to her from maintaining her defense.

"4.   That as far as this record shows even the widow, Mrs. Sophia Gunther, was not put to an election by the provisions of the will, and certainly made no election inconsistent with the holding of her previous title, and therefore was not and is not estopped by her acceptance of the benefits given her by the will.

"5.   That appellant, Mrs. Cavin, in the acceptance of the deed from her mother, having acted in good faith and under the advice of counsel and in the belief that her mother had and could convey to her a valid title, is protected by the provisions of that deed; and that both appellants, in executing and accepting the deeds from Mrs. Cavin to Hart, having acted in good faith and under the advice of counsel and in the belief that she had the right to and did convey and that he acquired under those deeds the right to use the alley in question, are protected by those circumstances in their rights to use the alley.

"6.   That Mrs. Cavin having used the alley continuously under the deed from her mother and for more than fifteen years thereafter before the institution of this action, acquired the right to it by prescription, and that the statute of limitation bars appellee's action.

"7.   That appellee having accepted her deed from her mother with knowledge of the previous execution of the deed from her mother to appellant, Mrs. Cavin, has no greater right as against Mrs. Cavin than her mother would have, and that the mother being estopped by her deed as against Mrs. Cavin, appellee also is estopped to question the title obtained by Mrs. Cavin under that deed.

"8.   That appellee, having acquiesced in the use of the alley by Mrs. Cavin for many years, and especially for three years after the opening of St.

Elizabeth street, and with knowledge of the execution of the deeds from Mrs. Cavin to Hart, having stood by and allowed the latter to expend a large sum of money in improving his property without any objection to his use of the alley, is estopped by those circumstances from asserting her claim.''

Challenging each of the contentions of appellant as unsound, appellee, Mrs. Little, asserted that appellant, Belle J. Cavin, is estopped to claim against the will, having taken a large share of her father's estate under it, and in argument says the acceptance of the devises made to the appellant, Cavin, was an election by her to take under the will, and by that acceptance she and her grantees were estopped to deny the testator's title, asserting that a person cannot claim both under and against the same instrument. In support of this contention appellants cite and rely on the following cases which seem to be in point: Christen v. Christen, 184 Ky. 822; Perry v. Wilson, 183 Ky. 155; South v. Mothershead, 173 Ky. 495; Morrison v. Fletcher, 119 Ky. 488; Brossenne v. Schmitt, 91 Ky. 465; Huhlein v. Huhlein 87 Ky. 253; Dawson v. Hayes, 1 Metc. 461; Clay v. Hart, 7 Dana 1; Duncan v. Prentice, 4 Metc. 217; Gore v. Stevens, 1 Dana 204; McQuerry v. Gilliland, 89 Ky. 434. Appellee further says that advice of counsel is neither excuse nor justification for appellant, Belle J. Cavin, to use the alley in question. Further answering the contention of appellant, the appellee says that her right is not barred by limitation and that her acts and conduct have not estopped her to assert her right under the will to the exclusive use of the alley. In elaboration of this assertion she says that one in possession and claiming title to land may for greater security or to buy his peace, purchase or procure an outstanding or adverse claim or title without estopping himself to deny its validity.

The chancellor decreed appellee, Mrs. Little, the owner and entitled to the full use and benefit of the alley in question under and by the terms of the will of her father, F. T. Gunther, saying that F. T. Gunther by his will devised the house and lot on Frederica street in Owensboro, Kentucky, where he resided at the time of his death, to his widow, Sophia Gunther, for life with remainder after her death to Daisy Gunther Little, and, as appurtenant to said residence property and as a part thereof, devised to the same parties the alley in controversy herein, which runs along the northern margin of

said home place westwardly at right angles with Frederica street, the north line of said property so devised to Sophia Gunther for life with remainder to Daisy G. Little being the north line of the alley, and by the terms of his will gave to said defendant, Belle J. Cavin, the right to use the alley in connection with houses and lot until St. Elizabeth street should be opened in the rear of testator's residence. It was further held and adjudged that inasmuch as the widow, Mrs. Sophia Gunther, and the appellee, Daisy G. Little, and appellant, Belle J. Cavin, had accepted the benefits of testator's will and having taken the various properties devised to them under the same, were and are estopped to claim the property otherwise than under said will and in accordance with its true terms; and further, the deeds from Mrs. Gunther to her daughters, Mrs. Cavin and Mrs. Little, made in December, 1906, were made merely in aid of the title passed to them under the will, and the court quieted the title of Mrs. Little to the alleyway. From this judgment Mrs. Cavin and Mr. Hart appeal.

Counsel for appellants make a great many contentions and assert that the judgment is erroneous and should be reversed on numerous grounds which, we think, may be considered and determined upon a few broad general principles, when the facts and circumstances have been considered, analyzed and understood. It should be borne in mind that all of the property embraced in the old Gunther home and on which the three houses now belonging to Mrs. Cavin now stand, was once the property of F. T. Gunther, and that he lived upon and controlled this property for many years before his death. He took ten or twelve feet from the old Episcopal church property which is now the plot on which Mrs. Cavin lives, and added it to his residence property, making the alley. The alley was fenced on both sides and was used in connection with his residence, barn, coal house and other appurtenances. After employing the alley in that way for a number of years without regard to the location of the original property lines he, no doubt, came to regard the alley as a part of the home place, as indeed it was. Although he had conveyed all these properties to his wife he continued to hold and claim them just as though no such transfer had taken place, and some years after the conveyance he erected the three valuable houses, later willed to Mrs. Cavin, on the lot now owned by Mrs.

Cavin and thereafter used and rented these houses and collected the rent as his own. The conveyances to his wife was without consideration as far as the record shows, so that in deed and in truth the property was his, except for the voluntary deed which he made his wife. When he made his will in 1904, the testator treated these properties just as he did other properties belonging exclusively to him and devised them for life to his wife, who is yet living, and in remainder to his two daughters. Along with these properties he gave the wife much other property and also gave to each of his daughters much valuable real and personal estate, some of it to take effect *in presenti,* and other properties were devised in remainder. Immediately after his death these devisees caused his will to be probated and gladly accepted the terms of the will and took and received large valuable properties under and by its terms. Under such circumstances the devisees are not allowed to deny or question the will under which they have taken, nor can they claim property against the will or in derogation of its terms. The case before us presents a fine illustration of the working of a well established rule of propriety applicable to the facts of this case. Here the legal title to certain real property was vested in the wife but when she accepted the devise and bequests under the will of the husband, which will devised and disposed of the real property to which she had legal title, she was and is estopped to assert claim to the real property in any way except under and by the terms of the will. By the acceptance of the terms of the will and of devises and bequests therein made, she must be presumed to tacitly, if not expressly, have renounced title to the real property under the deed to her and to acknowledge the right of her husband, the testator, to dispose of the real property involved by the will. The rule is well established, supported by many opinions of this and other courts, to the effect that where a devisee accepts a devise under a will which also devises land previously conveyed by the testator, to another, but also a devisee, the devisee to whom the land was previously conveyed and those claiming under him are estopped from claiming the land. A case in point is South v. Mothershead, 173 Ky. 495. Other cases are Christen v. Christen, *supra;* Perry v. Wilson, *supra,* and many others. This proposition is too well settled to require argument or the citation of other authorities.

Answering appellants' contention that she had acquired title to the alleyway by prescription, it will suffice to say that she employed the alley by permission only; that she used the alley under the grant in the will which allowed her to do so until the street in the rear of the residence of the testator should be opened. No prescriptive title can become effective under such facts. This street, according to the evidence, was opened in 1919, only a short time before the commencement of this action. Having taken under the will appellant was not entitled to assert rights to the alley against the will, and she will not be heard to do so. It is insisted, however, that Mrs. Gunther, the widow, had a life estate in the home place as well as the alley and having conveyed by deed her right in the alley to Mrs. Cavin, the latter is entitled to hold and use the alley during the life of her mother. Manifestly this contention is unsound when we reflect that Mrs. Gunther, by taking and accepting the benefits of the will, acknowledged the right and title of her husband, the testator, to dispose of the property by will, and by her acts and conduct confirmed his disposition made by will. At the time Mrs. Gunther undertook to make the deed to Mrs. Cavin she had no title except a life estate, an easement, which she was permitted to assert to the alleyway, or any part of the real property covered by the deed which she made to her daughter, Belle, and having no title which she could assert or convey, her grantee took none under the deed. The daughter was in no better position with the deed from her mother with respect to the alley than she would have been had no deed been made. Both the daughter and the mother took under the will and neither of them can assert any right or title to the real property except by and under the terms of the will. A devisee is not entitled to but one election with respect to the will, and having made an election Mrs. Cavin is bound thereby and may not now assert claims to the estate of her father which are inconsistent with the provisions of the will.

We may dismiss appellants' contention that they acted upon the advise of counsel with the statement that appellee did nothing whatever towards the procuring of advice of counsel for appellants or to induce them to accept the advice of counsel which would estop her to assert her legal rights under the will. We think there is no merit in this contention. According to the contention of appellee, Little, she was relying upon the will of her

father for title to the alley and home place in question at
the time she took and accepted the deed from her mother,
but she did what many other persons do under similar
circumstances where there is a dispute or controversy
about title to land; she accepted the conveyance which
she thought would aid her title and thus cut off a claimant
who was about to assert title or institute litigation for the
purpose of having himself adjudged an interest in the
real property.  Unwise or otherwise, one has the right to
buy his peace and to do so he may take title from one
whom he does not regard as having any right or title in
the property in order to close his mouth and to avoid lit-
igation.  By taking such title one does not admit that it is
paramount to that under which he held before but may
rely upon it only to bar a claimant who would assert
title under that chain which the grantee has lately ac-
quired.  The rule is thus stated in 21 C. J. 1070: "A very
common application of the doctrine is that the acceptance
of a grant in aid of a title will not estop the grantee to
claim under the conveyance purporting to convey that
title; one having or claiming title to land may for greater
security or to buy his peace, purchase or procure an out-
standing or adverse claim or title without estopping him-
self to deny its validity, unless he abandons his posses-
sion under the title by virtue of which he entered."   Ray
v. Barker, 1 Ben Mon. 364; Field v. Klete, 10 Ky. Op.
360.  "So a grantee may buy up a title antagonistic to that
of his grantor and set up the title so bought to defeat that
of his grantor, or of his grantor's representatives."  The
taking of a quitclaim deed by one in possession of land
from one asserting an interest in the land does not estop
him from denying such grantee's title.   Holderman v.
Holderman, 30 Ky. Law Rep. 319.

It is also insisted by appellants that appellee, Little,
is estopped by her laches to now assert her rights under
the will to the exclusive use of the alley because she has
delayed for three years after the opening of St. Elizabeth
street to assert her exclusive title to the alley and has al-
lowed appellant, Hart, to expend large sums of money in
making improvements upon the lots which he purchased
from appellant, Cavin.  The deed from Mrs. Cavin to ap-
pellant, Hart, refers to the will of F. T. Gunther for title.
An examination of the will would have disclosed to Hart,
the purchaser, that Mrs. Cavin had no right to the use of
the alley running from Frederica street back to the barn
and coal house on the Gunther place.  He must have

known of the provisions of the will. Certainly a prduent person, buying real estate under like circumstances, would have examined the will to see what limitations, if any, upon the use of the alley and other parts of the property were embraced therein. The law charges him with such diligence, and if he failed to exercise the diligence which a reasonably prudent person would have exercised under like circumstances the law presumes that he had knowledge of the limitations and he must abide his contract and bear all the resulting disadvantages which his negligence entailed.

Another contention of appellants is that this action is not maintainable by Mrs. Little at the present time because she is a mere remainderman, her mother, a life tenant, is still living. Surely it will be sufficient to say that this action is under the declaratory judgment act, which allows the institution of actions of this kind to any person interested under a deed, will or other instrument of writing, or any contract, written or parol, or who is concerned with any title to property, office, status or relation. The statute seems board enough to include a proceeding of this kind, which seeks a construction of a will, and where the title to property is concerned.

We find no error to the prejudice of the substantial rights of appellants.

Judgment affirmed.