## Clarence Wetherall, et al. v. J. F. Wetherall's Executor, et al.

## Connolly, et al. v. Harris, et al.

(Decided December 17, 1926.)

### Appeals from Bourbon Circuit Court.

1. Wills—Devisee Held Liable Under Terms of Will to Pay for Land Devised in Excess of 75 Acres.—Having accepted devise of land within certain boundaries, with provision that all over 75 acres be paid for, devisee held liable for value of excess according to terms of will.

2. Wills—Testator's Intention Controls.—Intention of testator, when found, must control in construction of testamentary paper.

3. Wills—Immediate Payment May be Demanded from Devisee, who was Required by Will to Pay for Land Devised in Excess of 75 Acres.—When devisee is required to pay for all land devised in excess of 75 acres, assignee of one to whom payment was to be made may demand immediate payment.

4. Wills—Devisee of Life Estate, Required by Will to Pay for Land Devised Exceeding 75 Acres, Must Pay Full Amount Stipulated.— Devisee of life estate, who was required by will to pay $175.00 per acre for land devised in excess of 75 acres, must pay full amount, and not 71.63 per cent. as value of life estate.

EMMET M. DICKSON and WILLIAM DEU PREE for appellants.

DENIS DUNDON, C. A. McMILLAN, JOHN J. WILLIAMS and WILLIAM GRANNAN for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming in part and reversing in part.

A construction of the last will and testament of J. F. Wetherall, who died in February, 1924, domiciled in Bourbon county, is sought by this appeal. Besides a considerable amount of personal ·property and insurance, testator was the owner of 370 acres of land in Bourbon county which he disposed of by the will before us. He was survived by three children, a daughter, Mrs. Virginia Harris, and two sons, Clarence and Roy. The personal estate appears to have been more than sufficient to pay all of the obligations of the testator, the will providing that the residue, if any, shall pass to his three children equally, except that he gave all the household effects to his daughter, Mrs. Harris. The fourth paragraph of the will calls attention to the fact that the testator is surety on a note of his son, Clarence, for $1,150.00, and provides that in case testator's estate is required to pay the note that the share of Clarence should be charged with it. Clauses 5, 6 and 7 of the will read as follows:

"I am the owner of about 370 acres of land situated on the Paris and Flatrock turnpike in Bourbon ·county, Kentucky, which I dispose of as follows, to-wit:

"I devise to my daughter, Virginia Harris, my residence and the land adjacent thereto, lying between the said turnpike and cross fence, running from Roseberry's line to Clay's line, which I esti-

mate to contain about 75 acres, for and during her natural life, with remainder in fee to the heirs of her body; if she should die, leaving no heirs of her body, then to be equally divided to my two sons, Clarence and Roy Wetherall, under the same trust and conditions as hereinafter set out, to the land I devise to them.

"If upon a survey in which it shall be hereinafter determined that there is an excess over 75 acres, then my said daughter is to be charged with the excess over 75 acres at $175.00 per acre, one-third of which excess price she is to pay to my son, Clarence, and one-third thereof to my son, Roy Wetherall.

"6. I devise to my said son, Clarence Wetherall, 140 acres of my land, to be cut off to him next to the land I have heretofore devised to my said daughter, and by a line running parallel to the rear line of her land, from Roseberry's line to the Clay line, with a passway 20 feet wide, over the land of my said daughter, along the line of Sam Clay's land from the tract I have herein devised to my said son, Clarence, out to the Paris and Flatrock turnpike. I make this devise to my said son, Clarence, in fee.

"7. I hereby devise the remainder of my said tract of land, which I estimate to contain about 155 acres, to the First National Bank of Paris, Kentucky, in trust for and during the life of my son, Roy Wetherall. Said trustee is to handle said land in such a way as to make the same profitable, and is to pay the taxes and necessary improvements thereon out of the income thereof, and may pay to my said son, Roy Wetherall, the net income arising therefrom, if it appears to said trustee advisable to do so, or it may withhold from my said son, all or any part of said income, in its discretion, or said trustee may permit my said son, Roy Wetherall, to use and occupy said land and cultivate the same if he so desires, but I vest said trustee with absolute discretion to determine whether or not it shall permit my said son, Roy Wetherall, to use or occupy said tract of land. In the event my said son shall use or occupy said tract of land he shall be entitled to the net proceeds arising therefrom, during the time he so occupies or uses it.

"With the hope of encouraging my said son to settle down and make a useful man of himself, I here'by vest my said trustee with power and authority to convey to my said son, Roy Wetherall, in fee, said tract of land, at any time and whenever my said trustee is satisfied that my said son, Roy Wetherall, will use and enjoy said land in a reasonable and proper manner, and for his own advantage. It is my purpose in making this devise, that said land shall not be subject to any debts of my said son, and he shall not have the power or authority to encumber the same or dispose of it in any manner until after said land may have been conveyed to him by said trustees, if it shall ever be so conveyed. At the death of my said son, if he leaves heirs of his body surviving him, and if said land has not been deeded to him by my said trustee theretofore, I devise said tract of land to the heirs of his body, if he leaves heirs of his body surviving him; if my said son should leave no heirs of his body surviving him, then I devise said land to my other children, Virginia and Clarence, if living, or to the heirs of their bodies, if they, or either of them, be dead, leaving heirs of their body. The share of my said daughter for life, with remainder to the heirs of her body, and the share of my said son, Clarence, in fee."

By the 10th paragraph of the will the testator named Aylette Buckner as executor and "vested him with full power and authority, in addition to his power and duties as executor, to hold and feed my two bunches of cattle as hereinbefore provided for, until they are ready for market." Buckner qualified as executor and entered upon the discharge of his duties; so did also the First National Bank of Paris qualify as trustee for Roy Wetherall.

Pursuant to section 5 of the testamentary paper it was by survey discovered that the tract of land devised to the daughter, Virginia Harris contained 17 acres more than 75 acres, as estimated by the testator, and this surplus, which the daughter says she is not able to take and pay for, is the precipitating cause of this litigation. On February 16, 1925, Roy Wetherall by deed undertook to convey to Connolly and Bird, of Cincinnati, "All the right, title and interest in the said Roy Wetherall in and

to the estate of his father, J. F. Wetherall, devised to the
said Roy Wetherall by the will of J. F. Wetherall, of
record in the Bourbon county clerk's office, in will book
"B," page 317, and more particularly that portion of the
estate of J. F. Wetherall devised to the said Roy Weth-
erall, under paragraph 5 of said will, in which he de-
vised to his daughter, Virginia Harris, his residence and
lands adjoining thereto, estimated at 75 acres. . . .
That Virginia Harris is to be charged with the excess
over 75 acres at $175.00 per acre, one-third of the excess
price she is to pay to Clarence Wetherall and one-third
thereof to Roy Wetherall, and the one-third to Roy
Wetherall herein stated is the particular estate which is
hereby conveyed," and Connolly and Bird filed their in-
tervening petition in this action, claiming to be succes-
sors under the deed to all the rights and benefits of Roy
Wetherall, and especially that part which passes by rea-
son of the excess in acreage over 75 of land devised to
Mrs. Harris.  The chancellor held that Virginia Harris
must take the entire boundary of 93 acres devised to her
by the will or take nothing at all under the will, where-
upon she elected to take the devise, and the court held
that she would hold the same for life and that the re-
mainder would pass to the heirs of her body.  Further
considering the matter the chancellor directed that Vir-
ginia Harris pay for the excess in acreage over 75 acres
at the price of $175.00 per acre, "but she shall pay for
only the value of her life estate therein, which is 71.63
per cent of said price, one-third of which sum she shall
pay to Clarence Wetherall and one-third thereof to Paul
B. Connolly and Joseph Bird, assignees of Roy Weth-
erall, it appearing to the court that said Virginia Harris
is 27 years of age and that her life estate, according to
the life tables is 71.63 per cent." It was provided in the
judgment that Mrs. Harris should pay the total price
in five equal annual installments, bearing six per cent in-
terest, with precipitating clause in the last four notes,
providing that if any antecedent note is not paid at ma-
turity all of the notes shall become due and payable.
From this judgment this appeal is prosecuted, appel-
lants, Connolly and Bird, insisting that they are not
only entitled to recover one-third of $175.00 for each ex-
cess acre but that they are entitled to immediate pay-
ment and should not be required to take installment notes
maturing through the next five years.  Mrs. Harris in-

sists that if she is required to pay $175.00 per acre for the 17 acres of excess land she should have a title in fee therefor and not merely a life estate as held by the lower court.

The testator devised to his daughter his residence and adjacent lands, including all lands lying between the turnpike, a cross fence and the line running between Roseberry's line and Clay's line, which he estimated to contain 75 acres for life with remainder to the heirs of her body. She has two or three children now. He was trying to equalize the shares of his children in his property and estimated 75 acres of land together with the residence would be the full share of the daughter, and so believing he added the clause, "My said daughter is to be charged with the excess over 75 acres at $175.00 per acre, one-third of which excess price she is to pay to my son Clarence, and one-third thereof to my son, Roy Wetherall." This was to de done when it was determined by survey that the boundary of land laid off to the daughter contained more than 75 acres, if that should ever be found to be a fact. Plainly the testator intended that his daughter, though taking a mere life estate with remainder to her children, was to be charged with two-thirds of $175.00 for each acre in excess of 75 acres found to be contained in the boundary devised to her, and this sum was made a charge upon the land. It was not provided that the excess in acreage should be cut off and taken from the boundary devised to the daughter, but, on the contrary, she was specifically devised all of the boundary of land lying between the road and the cross fence and was to have it all, but was required to pay to her brothers one-third each, the value of the excess acreage fixed at $175.00 per acre. Having accepted the devise the daughter must tage it *cum onere;* she can not take the advantages without the burden, and when she accepted the devise she then and there became liable to her brothers for the value of the excess in accordance with the terms of the will. No rule is better established than that the intention of the testator, when found, must control in the construction of a testamentary paper, and since the court has found, as it necessarily must, that it was the intention of the testator that the daughter take the whole boundary of land lying between the road and the cross fence and pay her brothers one-third each for all

the excess acreage over 75 acres at the valuation fixed by the testator, this must be done.

Appellant, Clarence Wetherall, did not object to the time given his sister, Virginia Harris, in which to make payment for the excess acreage, and as to him the judgment allowing time to make the payments is affirmed, but inasmuch as Connelley and Bird, purchasers of Roy's share of the estate, objected and excepted to the judgment granting time to Mrs. Harris in which to make payments, it must, as to them, be reversed, with directions that judgment be entered in their favor for one-third of $175.00 for each acre in excess of 75 contained in the boundary devised to Mrs. Harris, as they are entitled to immediate payment. In so far as the judgment undertakes to fix the liability of Mrs. Harris for such excess acreage at 71.63 per cent of the purchase price fixed by the testator and to give time for the payment of the price, the judgment is reversed, with directions to enter a judgment as indicated above. In all other respects the judgment is affirmed.

Judgment affirmed in part and reversed in part.

Whole court sitting.