# Jasper v. Bristow et al.

(Decided May 27, 1930.)

T. F. BIRKHEAD, JOSEPH M. LEE and MORRIS & JONES for appellant.

CLEMENTS & CLEMENTS and BEN D. RINGO for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming in part and reversing in part.

T. E. Jasper died leaving a will as follows:

"I, T. E. Jasper, being sound of mind and disposing memory, do make this my last will and testa-

ment, hereby revoking any and all wills by me heretofore made.

"Item No. 1. I have heretofore deeded to my beloved wife, Ida Jasper, the house and lot house Number 124 on South side of 22nd St. in the city of Owensboro, Daviess County, Kentucky, and this is all the real estate I desire her to have. I value said property at $4,600.00.

"Item No. 2. I have heretofore conveyed by coercion to my daughter, Mary Ida Jasper Bristow, a house and lot on the East side of Frederica St., fronting Maple Avenue in the city of Owensboro, Daviess County, Kentucky, which property I value at about $7,000.00 and this is more than her full share in my real estate. All I desire her to have in my real estate is $5,400.00 to equalize her with the other heirs.

"Item No. 3. To my son, Alvah Manly Jasper, I will two houses and lots, situated on Sweeney St. and Maryland Sts., known as 12th Sts. and Sweeney Sts. in the city of Owensboro, Daviess County, Kentucky, and I value this property at $2,500.00. Also a house and lot, house Number 719 Crittenden St. in the city of Owensboro, Daviess County, Kentucky. Said property adjoining the property of Mrs. P. J. Miller. I value this house and lot at $2,100.00.

"Item No. 4. I want my daughter, Mary Ida Jasper Bristow, to pay my son, Alvah Manly Jasper, the sum of $800.00, and to pay to my wife, Ida Jasper, the sum of $800.00, in order to equalize them in my real estate.

"Item No. 5. All of my personal property in my house and in my possession, I own absolutely and bought it with my own money, money earned by me and have owned said property ever since it was bought. I have heretofore given to my daughter, Mary Ida Jasper Bristow, a brooch set with diamonds, ear rings and solitaire diamond ring, and I will my son, Alvah Manly Jasper, the diamond pin, which I wear, and I will to my beloved wife, Ida Jasper, two diamond rings.

"Item No. 6. I will to my daughter, Mary Ida Jasper Bristow, one set of plain silver teaspoons, marked, 'A. P. O.' one silver water set; to my son, Alvah Manly Jasper, I will one set of silver tea-

spoons, marked, 'K. E. J.' also silver cream pitcher, silver butter dish and silver sugar bowl, and silver syrup stand. I will to my ——, Ida Jasper, all china-ware and glasswear.

"Item No. 7. I will to my daughter, Mary Ida Jasper Bristow, bed set, consisting of oak dresser, wash stand and iron bed, also one chifforobe and marble top stand table; I will to my son Alvah Manly Jasper, one walnut bed set, three pieces consisting of bed, dresser, wash stand. I will to my wife, Ida Jasper, all books and book cases, phonograph, library table, parlor mirror, and bench, cedar chest, parlor carpet, dining room carpet, dining room table, six chairs, china closet, buffet; seven piece parlor set, upholstered in plush, couch; all kitchen furniture, utensils; hose, lawn mower and any personal property not mentioned herein, I will to my wife, Ida Jasper.

"Item No. 8. After all of my just debts are paid, including burial expenses, all of the remainder and residue of my property including 100 shares of the Barnard Rial Oil Company, I will to my beloved wife Ida.

"Item No. 9. Should either of my children attempt to contest this will, then I do not desire them to have any part of my property.

"Item No. 10. This will is made by me after due deliberation and reflection and all of my property mentioned herein is owned by me in my own name and right and I have attempted to dispose of it equitably. I will and devise to my wife to live on the income of my estate her natural life.

"Item No. 11. I hereby appoint my beloved wife, Ida Jasper, as Executrix of this my last will and request the Daviess County Court to permit her to qualify without executing any bond.

"In testimony whereof witness my signature this the 5th day of November, 1927.

"(Signed)  Thomas L. Jasper.

"We the undersigned, at the request of T. E. Jasper, have signed our names as witnesses to this will, in his presence and in the presence of each other.

"(Signed) Mary Davis
"T. F. Birkhead"

The appellee Mary Jasper Bristow, conceiving herself to be the owner of an interest to the extent of $5,400 in the property mentioned in the second paragraph of the will, instituted her action in equity, joining her husband with her against Ida Jasper, the widow of T. E. Jasper, and Alvah M. Jasper, the son of the testator, joining with him as a defendant his wife. In her action she prayed for a consideration of the will and that the real estate mentioned be sold and that from the proceeds thereof she be paid the sum of $5,400.

Before any answer was filed, appellee Mary Jasper Bristow amended her petition in which she alleged that it was the intention of her father, by the terms of his will to equalize the real estate which he owned among those mentioned in his will, that is, his daughter, his son and his widow; that in order to do so he had directed that she pay $800 to the widow and $800 to the son as the real estate devised to each of them was of the value of $4,600; and that the $1,600 which she was required to pay would reduce the value of her interest in the real estate to $5,400 and would bring the value of the real estate received by each of the others up to $5,400 when she had paid to each the $800. There is a good deal of surplusage in the pleadings, but the fair construction placed upon the pleadings filed by the daughter is that she claimed to be the owner of the property above mentioned as having been devised to her subject to her paying $800 to each of the other devisees, and that the widow was not entitled to a life estate in the property.

The effect of the pleadings filed by the widow, the son having remained neutral, was that the daughter took only a remainder interest in the property devised to her and that the widow took a life estate therein. This was not based so much on the terms of the will as on the provisions of a deed which the testator had executed to the daughter reserving to himself a life estate, and after his death its continuation during the life of any widow that he might leave. At the time he executed the deed he was unmarried.

The pleadings, including demurrers and motions to strike, are drawn out to considerable length, but no pleading in such a case amounts to little more than a brief in behalf of the respective parties, as the court must construe the will from its provisions, and no pleading can change the provisions of a will either

by omission or commission. The case boils down to the construction of the will left by T. E. Jasper. We gather from the will itself that he had previously conveyed to his daughter property which he considered to be worth $7,000, and at the time he reserved a life estate for himself and any widow that he might leave. It is true that he states that the deed was obtained by his daughter through coercion, but whether he meant to attempt to cancel the deed by his will, or whether he stated that it was obtained by coercion in order to justify his direction to her in another clause of the will that she pay $1,-600 to his widow and son, is immaterial. His will also recites that he had conveyed to his widow real estate of the value of $4,600, and he devised to his son property which he valued at $4,600. He declared that he did not want his daughter to receive any greater value in real estate than $5,400 and that he did not want his widow to have any greater interest in his real estate than $4,600. The dominant idea in his mind was that each should have $5,400 worth of his real estate. This is clearly shown by the fourth paragraph of his will, where he directs his daughter to pay his son $800 and also to pay his widow $800 "in order to equalize them in my real estate."

When we look to the will to find out what the testator had in mind, we learn that he made himself clear. He stated that he had given due deliberation and reflection to the making of the will, and he said, in his will, that all of the property which he had mentioned belonged to him. Not only this property belonged to him, but he undertook to determine how it should be divided among his beneficiaries. His daughter was to have real estate of the value of $7,000 in his estimation, but that was too much. His widow was to have property of the value of $4,600, and his son property of like value. But in each instance the value was too small. Consequently, in order to equalize them, he told his daughter to give each of the others $800 and that the matter would be as he desired it. When this shall have been done the daughter, the widow, and the son will have the property respectively devised to each, and the widow and the son will each have $800 in money which must be paid by the daughter.

The chancellor adjudged that the daughter took an immediate interest in the house and lot devised to her,

and in that his judgment was correct. His judgment had the effect of determining that the widow took no life estate in any of the property under the will of her husband, and in that the chancellor was correct. He adjudged that the daughter should pay to the son and to the widow each $800, and in that he was correct. He adjudged that there was a lien against the property devised to the daughter to secure the payment of the $1,-600 and directed the property to be sold to satisfy these two sums. But in that we think he was in error, as there was no lien against the property devised to the daughter to secure the payment of these debts. She will have to pay the $1,600 as directed by the will, but it cannot be collected through the enforcement of a lien in this action.

The briefs are filled with learned discussions of the law. The testator claimed all of the property and meant for it to pass under his will. The parties took under the will, and the personal property was distributed under provisions of the will. The acceptance of the provisions of the will brought them all within the operation of its provisions, and the deed which had been previously executed by the husband to the daughter was rendered ineffective by her accepting a bequest under the will. South v. Mothershead et al., 173 Ky. 495, 191 S. W. 277; Cavin v. Little, 213 Ky. 482, 281 S. W. 486; Wetherall v. Wetherall's Executor, 217 Ky. 362, 289 S. W. 303. When the widow accepted the bequests under the will, her life estate reserved to her in the deed executed to the daughter by the testator was wiped out. If the widow had any life estate, it must be found in the will, and the will as a whole must be considered. There was never a clearer intention by a testator to equalize his real estate and its value among his beneficiaries. The equality would be disregarded to hold that the widow took a life estate in it. He was at pains to say in his will that he did not want his wife to have any other interest in the real estate except that which was devised to her, and if the will should be construed to give her a life estate in all of the real estate that provision of the will would be nullified as well as the provisions looking to equality. It is true that in the tenth paragraph of his will he stated: "I will and devise to my wife to live on the income of my estate her natural life." We believe it would not be argued that this had the effect of reducing her interest in the

property mentioned in the first paragraph of his will to a life estate. What he meant by the provision quoted was no more than the expression of a desire that his wife would not part with that which he had left her, but would live on the income from the estate. Standing alone, the quoted part of the will might mean something else; but, taking the will as a whole, we are led to the conclusion that he gave the property absolutely to his beneficiaries named.

The appellant will pay three-fourths of the cost of this appeal, and the appellees will pay one-fourth.

Judgment affirmed in part, and reversed in part and remanded for proceedings consistent with this opinion.