## York et al. v. Adams et al.

March 24, 1939.

J. S. Sandusky, Judge.

WESLEY & SON for appellants.
KENNEDY & KENNEDY for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In 1897 James A. Vann by deed of general warranty sold and conveyed to James H. York and his wife, M. A. York (also known in this record as Della York), a certain tract of land in Pulaski County, Ky., containing 46½ acres. The deed is in the usual form purporting to convey to the grantees a fee simple title to the land, containing, however, this provision:

> "Now it being understood that the said within conveyance reverts to the said wife, M. A. York at the death of said husband James H. York, or at the death of said wife said conveyance reverts to said husband."

The language employed in the above quoted paragraph of the deed is somewhat inapt, but it evidently means that at the death of either, the husband or wife,

the survivor takes title to the whole tract of land. As to this construction of the deed there seems to be no controversy. Malloy et al. v. Barkley, 219 Ky. 671, 294 S. W. 168.

In December 1935, James H. York executed his will by the terms of which he provided for the payment of his just debts, funeral expenses, etc., and made certain devises to individuals named in the will, about which there is no controversy. That part of the will involved in this litigation reads as follows:

"It is my will that a 35 acre tract of land not adjoining the home tract, known as the George tract, be sold by my executor and he convey the same by deed and the proceeds of said sale shall be added to my other assets.

"It is my will that my wife Della York shall have the home farm on which we now reside which is all the lands I own except the tract above mentioned to have and use as she wishes during her life.

"From all assets or money which I may possess after all my just debts and expenses are paid Nannie Bishop, wife of Fred Bishop, shall be paid five hundred dollars, my brother, John York, who now resides with me be paid the sum of three hundred dollars, Lilly Voils, who also resides with me two hundred dollars and all the remainder of my property shall belong to my wife, Della York, to have and use as she may see fit for her comfort and benefit. Any of this remaining at her death to be divided among my heirs."

Thereafter (the record not showing the exact date) James H. York died and his will was duly probated. In the early part of the year 1938 M. A. (Della) York died intestate.

Soon after the death of Della York the appellants filed this action against appellees asking for a sale of about 16 acres of land which belonged to James H. York, and a sale was adjudged and the proceeds ordered divided among the heirs of James H. York. While the action was pending appellants filed their amended petition asking for a sale of the 46½ acre tract of land conveyed by James A. Vann to James H. York and M. A. (Della) York, alleging that said land was the

property of James H. York and it should be sold and the proceeds divided among the heirs of York.

Thereafter H. C. Kennedy and Sam C. Kennedy filed their intervening petition alleging in substance that in March 1938 they purchased of the heirs of Della York the said 46½ acre tract of land and are now the owners of same in fee simple by deed of conveyance by said Della York heirs to them. The intervenors were made party defendants and their petition treated as their answer to the amended petition of appellants.

Later appellants filed their second amended petition making it a reply to the answer or intervening petition of the Kennedys, in which amended petition they set out the will of James H. York alleging that the 46½ acres of land was the same land mentioned in the York will and referred to as the "home farm on which we now reside," and that Della York took under said will and elected to stand by the provisions of the will and to renounce and abandon the provisions of the deed and, having accepted the benefits of the will inconsistent with the provisions of the deed and having thus elected, she and those claiming through her were estopped from claiming anything under the deed.

The Kennedys, intervening petitioners, filed a demurrer to the petition as amended insofar as it involved the 46½ acre tract of land, which demurrer the court sustained, and appellants failing to plead further, judgment was entered dismissing the petition as amended to the extent of the 46½ acre tract of land. This appeal follows.

Appellants admit that at the death of James H. York his title to the one-half interest in the 46½ acre tract of land vested absolutely in his wife, Della York, under the terms of the James A. Vann deed. But, it is argued that, since James H. York devised the whole tract of land to Della York, and she accepted the provisions of the will, she is now estopped to claim under both the will and the deed, and is bound by her acceptance of the will and therefore relinquished any interest in the land which may have been conveyed to her by the deed, and in support of this position appellant cites a number of cases. However, upon examination of the authorities relied on we find the facts contained therein so different from the facts in the case at bar that they lend no support to appellants' contention. Among

the authorities relied on by appellant is the case of Lane et al. v. Gess' Adm'r et al., 223 Ky. 448, 3 S. W. (2d) 1076. In that case the father of Mary C. Gess, who was the wife of Isaac S. Gess, conveyed to Isaac S. Gess and Mary C. Gess, jointly, a tract of land in Fayette county, and by the terms of the deed each of the grantees was vested with the title to one-half undivided interest in the land. Isaac S. Gess died leaving a will using this language:

> "I want my dear wife to have the farm, and all that is on it in fee simple as long as she lives. At her death I wish it then to be divided equally between the two families, share and share alike."

The wife accepted the terms of the will. It is thus seen that while Isaac S. Gess owned only one-half interest in the land, still he willed to his wife for life the whole or entire interest including the one-half she owned as well as his own one-half. It was contended that nothing passed under the will of Isaac S. Gess except his one-half undivided interest in the farm and that Mrs. Gess took a life estate in the one-half interest, and at her death only the one-half interest of her husband should be divided between the two families, instead of the whole farm. We held, however, that while it is the general rule that a testator is presumed to devise only his own property, or property over which he has power of disposition, yet in the circumstances and under the language used in the will Isaac S. Gess intended to will to his wife for life the whole farm and at her death *it,* the whole farm, should be divided equally between the two families.

However, the difference in the will involved in the Lane case, supra, and the case at bar is obvious. In the Lane case there was a devise over; or, stated differently, the testator made a disposition of the remainder after the termination of the life estate devised to his wife. In the case at bar there is no devise over, or other disposition of the remainder. Della York became the owner of the entire tract of land at the death of her husband, James H. York, and the will of the latter only purported to devise to her a life estate which was a lesser estate than she already owned, but does not purport or attempt to divest her of the fee; hence the fee remained in her.

If there had been a devise of the remainder, in that

event the case would come within the rule of the Lane case, supra, and Della York could not claim under both the deed and the will. Or had James H. York owned the land it might be said that he retained the remainder after the expiration of the life estate devised to Della York, and such remainder would have then descended to his heirs. But since he did not own the land or any interest therein there was nothing to descend to his heirs; hence they own no interest therein.

Appellants also stress the last sentence in literary paragraph three of the will which says, "Any of *this* remaining at her death to be divided among my heirs" (our italics), as indicating that it was the intention of the testator that the 46½ acre tract of land in question be divided among his heirs after the death of Della York. We cannot concur in that construction. It is obvious from the will as a whole that the above quoted sentence has reference to testator's property mentioned in the first and third literary paragraphs of the will but has no connection with the 46½ acre tract of land mentioned in the second paragraph. We find nothing in the will as a whole indicating that it was testator's intention to make any disposition of the 46½ acre tract of land except to devise to Della York the use of it during her life.

We conclude, therefore, that Della York died the owner in fee simple of the 46½ acre tract of land involved and at her death it descended to her heirs under the statute of descent and distribution. It follows that the chancellor did not err in sustaining the demurrer to appellants' petition as amended insofar as it involved the 46½ acre tract of land.

Judgment affirmed.