**The KENTUCKY TRUST COMPANY, Executor, Estate of Bessie R. Kessel, Appellant,**

v.

**Yale KESSEL, Individually, etc., et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 19, 1971.

Raymond F. Bossmeyer, W. S. Heidenberg, Heidenberg & Bossmeyer, Louisville, for appellant.

Leon Seidman, John Riehl, Jr., Louisville, for appellees.

PALMORE, Judge.

This is a declaratory judgment action in which the essential facts were treated as undisputed and judgment was entered on the basis of the allegations in the pleadings.

There is but one question in the case, and it can be simply stated. When a tenant by the entirety purports in his will to dispose of the fee simple title and the surviving spouse (a) fails to renounce the will and (b) accepts other benefits under the will, do the surviving spouse and those who claim through her become estopped to deny or contest the testamentary disposition? The chancellor concluded that they do, and we agree that is the law.

The property is a residence at 2039 Lakeside Drive in Louisville. It was conveyed to William H. Kessel and wife, Bessie R. Kessel, for their joint lives with remainder in fee simple to the survivor of them. William H. Kessel died in February of 1968, survived by Bessie R. Kessel, two sons and several grandchildren. He devised and bequeathed his net estate to one of the sons, Yale Kessel, in trust with directions that the income, together with so much of the corpus as might become necessary for her support, be paid to the widow during the remainder of her life. Upon her death, the will directed the delivery of certain personal property to Yale Kessel and specifically devised to him, "in fee simple, * * * the real estate known as 2039 Lakeside Drive * * * and in the event said residence has been sold * * * my beloved son, YALE KESSEL, shall receive in cash or its equivalent the amount for which said property was sold, or other real, personal or mixed property in which the proceeds of sale thereof were invested." The residue was then to be divided into two unequal parts, the larger of which was bequeathed to Yale Kessel outright and the other was to be held in trust for the benefit of the testator's other son, Sidney Kessel, and the children of Sidney's marriage to a former wife.

The will was admitted to probate on March 29, 1968. Bessie R. Kessel died on March 24, 1969, having meanwhile accepted the benefits of the trust created by the will without attempting to renounce it. She also left a will, executed after the husband's death, which placed the major portion of her estate in a trust. It did not make any specific reference to the Lakeside Drive property.

The general doctrine of testamentary election, under which one given a benefit under a will must choose between accepting the benefit and asserting an independent claim to property which the will purports to dispose of to others has frequently been held applicable even though part of the "benefit" given the per-

son put to the election was something he already owned, so long as he accepts other benefits under the will. Annotation, "Doctrine of election where will purports to give devisee or legatee property he already owns," 60 A.L.R.2d 789, 792, citing a host of Kentucky decisions in support.

"So, a surviving joint tenant has frequently been held to be put to an election by a will purporting to give him a life estate in the joint tenancy property, with other benefits, the remainder being given to others." Id., pp. 799–800.

"While election generally arises in cases where testator has attempted to deprive his surviving spouse of dower, curtesy, community interests, homestead rights, or other estates or interests in property, growing out of the marriage relation, it may arise in any case where testator disposes of property by will to A, and gives A's property to B. In such case A must elect between keeping his own property and renouncing the gift under the will, on the one hand, or taking the gift under the will and surrendering his own property, to B, on the other. A tenant in common, joint tenant, or tenant by the entirety, who devises the whole of such real estate to some one other than the other tenant, and then gives to such other tenant other property by will, puts such other tenant to an election between retaining his original interest in such real estate or accepting the benefits of the will." 5 Page on Wills § 47.13, at 618–619 (3d ed. rev. 1962).

See also 97 C.J.S. Wills § 1237 et seq. for an extensive discussion of the subject.

In Lane v. Gess' Adm'r, 223 Ky. 448, 3 S.W.2d 1076 (1928), the husband and wife owned a farm as tenants in common, and the husband specifically devised it to the wife for life with remainder to their respective families equally. In giving full effect to the will this court said:

"If it was the intention of Isaac S. Gess to leave to his wife the entire farm during her life, and that at her death the entire farm should be divided between the two families equally, and if his wife accepted the provisions of the will, and took the property in accordance with the will of the testator, the property all passed under the will of Isaac S. Gess, although he owned only a one-half interest in the farm. If the husband devised property to his wife which he did not own, and which in fact was owned by his wife, the devise is valid, if the wife accepted the provisions of the will and took under the will. This question was fully discussed in the case of Cavin v. Little, 213 Ky. 482, 281 S.W. 480. It was there held that, if the property was devised by one who did not own it to another, who accepted benefits under the will, such other person, and those claiming under him, were bound by the provisions of the will. It was so held in the case of South v. Mothershead, 173 Ky. 495, 191 S.W. 277. There are other cases to the same effect."

In Cavin v. Little, 213 Ky. 482, 281 S.W. 480, 483 (1926), the testator had conveyed certain properties to his wife but in his will treated them "just as he did other properties belonging exclusively to him and devised them for life to his wife * * * and in remainder to his two daughters," all of whom accepted other benefits under the will. In discussing the doctrine of election this court commented as follows:

"Here the legal title to certain real property was vested in the wife, but when she accepted the devise and bequests under the will of the husband, which will devised and disposed of the real property to which she had legal title, she was and is estopped to assert claim to the real property in any way except under and by the terms of the will. By the acceptance of the terms of the will and of devises and bequests therein made, she must be presumed to tacitly, if not expressly, have renounced title to the real property under the deed to her and to acknowledge the right of her husband, the testator, to dispose of the real property involved by will."

█ There does not appear to be any factual circumstance in this case to remove

it from the application of the foregoing principles. At the death of William H. Kessel his widow became the sole owner in fee of the Lakeside Drive property through the deed by which they had acquired it, and she could have renounced the will and retained that title; but she could not accept the benefits of the testamentary trust, which to some extent was composed of other assets the testator actually owned and might otherwise have left to someone else, without thereby ratifying and legitimating his testamentary disposition of her property.

The appellant (trustee under the will of Bessie R. Kessel) distinguishes Lane v. Gess, 223 Ky. 448, 3 S.W.2d 1076 (1928), on the ground that it involved tenants in common rather than tenants by the entirety or joint tenants for life with remainder in fee to the survivor. It is a distinction without a difference in principle. York v. Adams, 277 Ky. 577, 126 S.W.2d 1077 (1939), in which the husband willed the widow a life estate in property owned by them as tenants by the entirety, but made no attempt to dispose of the fee, is in point only to the extent that it says Lane would have applied had there been a devise of the remainder (thereby, of course, supporting the view that it applies to this case). In other words, since the York will did not purport to take anything away from the surviving tenant she was not put to the necessity of an election.

Among other decisions cited by the appellant, and correctly distinguished by the chancellor and by counsel for the appellee, are the following:

Ford v. Yost, 299 Ky. 682, 186 S.W.2d 896, 162 A.L.R. 149 (1945), in which the widow and children of the testator's son, after accepting the income of a testamentary trust, successfully attacked the trust as being in violation of the rule against perpetuities. Among other reasons stated in the opinion for their not being subject to estoppel or election was that they had not received anything to which they would not have been entitled anyway. If the will "gives to a beneficiary only what he would have had without a will, election is not necessary." Id., at 186 S.W.2d 899–900. In this case, however, the will (1) gives the beneficiary something she did not have, and (2) gives to someone else property belonging to the beneficiary, thus establishing the classic incidents requiring an election.

Louisville Trust Company v. Davidson, Ky., 300 S.W.2d 41 (1957), in which it was contended that the will in question had attempted to devise certain property already owned by the beneficiary, but the court construed it as not having expressed such an intent. The principle for which the opinion stands is that in order for a will to be construed as attempting or purporting to dispose of a property interest not owned or subject to disposition by the testator, its language in that respect must be so unmistakable as to admit no other reasonable construction, and that general words of description such as "all the rest and residue of my estate," without some specific designation of the property in question, will not suffice. In short, Louisville Trust Company held that the will did not attempt to include the property in litigation, whereas in this case the property devised to Yale Kessel was specifically identified.

Weindl v. Weindl, Ky., 359 S.W.2d 333 (1962), in which the testator devised to his wife certain property he owned in fee simple and purported to devise to his brother an apartment building owned by the testator and his wife as tenants by the entirety. In a declaratory judgment proceeding arising out of the widow's intention to sell the apartment building the trial court held that she was the owner but was required to contribute its money value to the brother under KRS 394.450. In his answer the testator's brother had demanded, in the alternative, that the widow be required either to convey the property or pay its equivalent. In the widow's

appeal to this court he did not question or challenge the judgment's having awarded him the money instead of the property. This court therefore did not have before it and did not pass on the question of whether he was entitled to have the property itself. Under the rationale of the instant case obviously we are of the opinion that he would have been had he pleaded and proved the widow's estoppel by electing to accept the property left to her under the will.

Other cases enunciating the fundamental principle that the surviving tenant's fee devolves from the deed and not through inheritance and that this title cannot be destroyed or alienated by the separate act of one of the cotenants while the other is living are not inconsistent with the result in this case. One may lose his title in ways other than his own conveyance, adverse possession being one example and estoppel but another.

The judgment is affirmed.

All concur.