CASE 41—PETITION EQUITY—JUNE 27.

## Stewart and wife vs. Brady.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. "I devise to my daughter, Adeline B. Tunstall, forty-two acres of land whereon I reside, to hold to herself, said Adeline, and her heirs, in fee simple, subject to the following conditions and restrictions: The forty-two acre tract shall, *in no way, be disposed of, by deed of gift or sale, by her, until she arrives at the age of thirty-five years."* *Held*— That the limitation on the use was not inconsistent with the fee, and was therefore valid, although the limitation is only against her own voluntary act of alienation, yet, as a decretal sale could not be legally made without her consent and her act, the interdiction constructively applies to any such sale, unless for payment of debts for which she might be legally bound; and as it does not appear that she owed any such debts, the first decree obtained on the petition of her husband, by her consent, to sell so much of the land as was necessary to pay debts, was unfounded and unauthorized; and that the last decree obtained on the petition of her husband, by her consent, to sell the land as beneficial to his wife, under the provisions of *article* 5, *chapter* 86, *of the Revised Statutes*, was also erroneous.

2. The highest bidder for land at a decretal sale being ruled, to show cause why he refused to comply with his contract, responded by showing that the land was not subject to sale.—The rule was properly discharged.

JOHN RODMAN and
ROBERT W. HAYS,                                    For Appellant.

WM. MIX,                                           For Appellee,
CITED—
*Civil Code, sec.* 540.
3 *J. J. Mar.*, 321; *Berry vs. Headington.*
2 *B. Mon.*, 462; *Pattie vs. Hall.*
1 *Redfield on Wills, pp.* 445–6, 431–433, *and paragraphs* 1, 6, 2, *of sec.* 17.
17 *B. Mon.*, 740; 3 *Metcalfe*, 159.
18 *B. Mon.*, 375; *Williamson vs. Williamson.*

*Revised Stat.*, 426–7, *Myers' Sup.*
*Revised Statutes, chap.* 86, *sec.* 6, *art.* 5.
*Civil Code, sec.* 540.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The solution of the radical question in this case depends on the constructive effect of the following devise in the will of Elizabeth Tunstall, deceased :

"I devise to my daughter, Adeline B. Tunstall, forty-two acres of land whereon I reside, to hold to herself, said Adeline, and her heirs, in fee simple, subject to the following conditions and instructions : the forty-two acre tract shall, *in no way*, be disposed of, by deed of gift or sale, by her, until she arrives at the age of thirty-five years."

Some years after the date of the will, Adeline intermarried with E. S. Stewart, who filed a petition in equity for the sale of as much of said land as might be necessary for the payment of debts, making his wife and the creditors parties, who united in the prayer for sale, which the chancellor decreed accordingly. Shortly after that decree the said husband, under the authority of *article* 5, *chapter* 86, *of Revised Statutes*, filed another petition for the sale of the land as beneficial to his wife, to which she, as defendant, assented. The chancellor having, on that petition, decreed the sale, and the marshal who executed that decree having reported J. C. Brady as the highest bidder at the price of fifteen thousand one hundred dollars, a rule was served on him to show cause why he refused to comply with his contract. His response relied, for excuse, chiefly on the opinion that the land was not subject to the sale ; and the chancellor discharged the rule ; from which judgment this appeal, by consent, presents the case for revision by this court.

Reading the devise as if it were all in one continuous clause, it is apparent that, by the words "in fee simple," the testatrix intended to pass to Adeline the absolute title, with a conservative restriction on her own alienation before she should attain thirty-five years of age. The land is on a turnpike near the growing city of Louisville; and we presume that the principal motive for the restriction was, that the value would increase rapidly. Such a temporary and prudential limitation on the use was not inconsistent with the fee, and was therefore valid, and not void, as earnestly argued. The testatrix evidently did not intend to devise an unqualified fee simple; and her intention is the law of her will. To misapply the technical rule, avoiding a condition inconsistent with the gift of a fee simple, would defeat her purpose and frustrate her will; and the locality of the land and circumstances of this case indicate her prophetic wisdom in securing from waste as safe and growing an investment as probably could be made for her young daughter. And although the limitation is only against her own voluntary act of alienation, yet, as a decretal sale could not be legally made without her consent and her act, the interdiction constructively applies to any such sale unless for payment of debts for which she might be legally bound; and as it does not appear that *she* owed any such debts, the first decree for the benefit of creditors was improvident and unauthorized; and for the reason already indicated, the last decree was also erroneous.

This alone is sufficient for the exoneration of Brady, who could not get such a title as he has a right to require.

Wherefore, the judgment is affirmed.