### Saulsberry v. Saulsberry, et al.

(Decided November 15, 1910.)

#### Appeal from Carter Circuit Court.

Alienation—Suspension of Power—Limitation—Restriction—Test of Validity.—Under Ky. St., section 2360, providing:. "The absolute power of alienation shall not be suspended by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate and twenty-one years and ten months thereafter," the restriction is not confined to the grantees. Though they may have died the next day, their heirs at law were equally restrained from alienating the land. The test is not whether circumstances might turn out so as to save the validity of the limitation, but whether they could so turn out so as to render the limitation void. For the limitation is valid from the beginning and for the full time under all conditions, or not at all.

S. S. WILLIS for appellant.

C. B. WILHOIT for appellees.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

The only question presented by this appeal is the validity of a clause in a deed executed in 1896, forbidding the alienation of the land prior to 1950:

The statute of this State (Sec. 2360, Ky. Stats.) reads:

"The absolute power of alienation shall not be suspended, by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter."

The restriction in this deed was not confined to the grantees. Though they may have died the next day, their heirs at law were equally restrained from alienating the land. And though the heirs at law begot children thereafter and then died, say within five years, such children could not alienate the land before the expiration of the arbitrary date fixed in the conveyance in question. As the restriction if valid, prohibited the sale and conveyance of the land, it likewise prohibited its devise—for that would be an alienation. Hence the purpose was to create an estate which might prevail against debt, death and deed for a period longer than the lives in being, and twenty-one years and ten months thereafter. True the grantees might have lived fifty-four years longer, and had the limitation been for their lives it would not have been repugnant to the statute. But the test is not whether circumstances might turn out so as to save the validity of the limitation, but whether they could so turn out so as to render the limitation void. For, the limitation is valid from the beginning and for the full time, under all conditions, or not at all. It is our opinion that the attempted limitation is void. The circuit court so adjudged.

Affirmed.