## Perry v. Metcalf.

(Decided November 26, 1926.)

### Appeal from Kenton Circuit Court.

1. Perpetuities—Will Prohibiting Sale of Farm for 30 Years Held Void (Kentucky Statutes, Section 2360).—Will prohibiting sale of farm for 30 years from certain date held void as possibly post-

poning right of alienation for more than 21 years and 10 months after expiration of life or lives in being, in violation of Kentucky Statutes, section 2360.

2.  Perpetuities.—Restraints on alienation are not favored and should never be upheld, unless clearly within statutory or other well established rule.

3.  Wills.—Codicil never offered for probate, nor actually probated, cannot be considered part of will, though clerk recorded it, along with actually probated will.

ORIE S. WARE for appellant.

ELMER P. WARE and S. D. ROUSE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

On February 4, 1914, Dr. T. T. Metcalf, a resident of Independence, Kenton county, Kentucky, executed his will, which was duly witnessed according to law. A part of its third paragraph, pertinent to the question here involved, says:

"My home farm consisting of about 238 acres adjoining the town of Independence, in Kenton Co. Ky. shall remain intact and unsold for a period of thirty years dating from Dec. 1, 1913, and the net proceeds and profits arising therefrom shall be shared and enjoyed equally by my wife and each of my children, after the expiration of said period, the same may be sold under their deed and the proceeds equally divided among them."

On December 14 of the same year there was written at the bottom of the will on its last page what purports to be a codicil wherein paragraph 3, *supra,* was modified so as to reduce the period of forbidden alienation therein from 30 years to 20 years.; but that writing containing such modification was subscribed by Metcalf only and not witnessed. Eleven days thereafter and on December 25, 1914, the testator died while still a resident of Kenton county. On January 18, 1915, the will was probated in the Kenton county court, but the order entered by that court on its records did not mention, refer to or purport to probate the alleged codicil but only the will itself.

The testator left surviving him two daughters and his widow, to whom he devised his farm of 238 acres

under the inserted clause 3, *supra*, of his will, and in which he restrained them from alienating it for a period of 30 years from December 1, 1913; but notwithstanding such attempted restraint, the widow and one daughter conveyed each of their one-third interest therein to the other daughter, the appellee, Helen Metcalf Frazer, on November 18, 1924. On May 1, 1926, she entered into a contract with appellant and defendant below, W. T. Perry, to convey to him a small part of the farm lying adjacent to or within the corporate limits of Independence for the site of a church building to be erected. Later a deed duly executed and acknowledged was tendered defendant and he declined to accept it upon the ground that the devisees of Dr. Metcalf could not convey, under clause 3 of his will, a perfect title until after 30 years from Dec. 1, 1923, as was provided by him in that clause. This equity action was subsequently filed against him in the Kenton circuit court to compel him to specifically perform the contract by accepting the deed and paying the agreed consideration, and that court, to whom the cause was assigned and submitted, adjudged that the attempted restraint on the power of alienation contained in the third clause of the testator's will violated the provisions of section 2360 of our present statutes and that the alleged codicil to the testator's will could not be considered as a part of it for the two reasons that, (a), it was not probated by the Kenton county court as a part of the will, and (b), that it was shown upon the trial of this action that it was not written by the testator but by the scrivener who prepared the original will, and being unwitnessed it was void. Judgment was, therefore, rendered sustaining the prayer of the petition, and to reverse it defendant prosecutes this appeal.

Section 2360, *supra*, says: "The absolute power of alienation shall not be suspended, by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter." As we pointed out in the recent case of Cammack v. Allen, 199 Ky. 268, that section of our statutes, which has been of long standing, has produced some confusion in prior opinions of this court, *i. e.,* some of them seem to have regarded it as one only limiting restraints on alienation; while others construed it as only one against perpetuities, and in the case referred to it was held to be

only a statute against perpetuities and that its purpose was to forbid the vesting of title beyond the periods therein provided for  However, in the prior case of Saulsberry v. Saulsberry, 140 Ky. 608, the section was construed according to its literal terms as applying to restraints on alienation of vested titles by the vendees or devisees, and it was therein held, in substance, that whenever it was possible for the particular restraint to extend beyond the periods prescribed in the statute, although it might also by subsequent circumstances come within the permissible limits, still it would be void as being obnoxious to the statute. It was so held therein under facts exactly analogous to those we have here. The estate in that case was created by deed executed in 1896 and it contained a restraint against alienation prior to the year 1950, or for a period of 54 years, and in holding it violative of section 2360, *supra,* we said:

"The restriction in this deed was not confined to the grantees. Though they may have died the next day, their heirs at law were equally restrained from alienating the land. And though the heirs at law begot children thereafter and then died, say within five years, such children could not alienate the land before the expiration of the arbitrary date fixed in the conveyance in question. As the restriction, if valid, prohibited the sale and conveyance of the land, it likewise prohibited its devise, for that would be an alienation. Hence the purpose was to create an estate which might prevail against debt, death and deed for a period longer than the lives in being, and twenty-one years and ten months thereafter. True the grantees might have lived fifty-four years longer, and had the limitation been for their lives it would not have been repugnant to the statute. But the test is not whether circumstances might turn out so as to save the validity of the limitation, but whether they could so turn out so as to render the limitation void. For, the limitation is valid from the beginning and for the full time, under all conditions, or not at all. It is our opinion that the attempted limitation is void."

Under the Metcalf will it was possible for the testator to die the next day after he executed it, and likewise possible for his three devisees to die at any time there-

after. So that, they all might be dead before eight years and two months from December 1, 1913; in which case there would be a postponement of the right of alienation for more than 21 years and 10 months as allowed by the statute after the expiration of a life or lives in being. Our cases all hold that restraints upon alienation are not favored by the law and at common law were entirely prohibited, and they should never be upheld unless clearly within the statutory or other well established rule on the subject. The doctrine announced in the Saulsberry case has been followed in numerous cases since then, one of which is Tyler v. Fidelity & Columbia Trust Company, 158 Ky. 280, although in that case there was a postponement of the vesting of the title and the question was rather one against perpetuities than against alienation of a presently vested title.

It is suggested in brief that under the Cammack opinion, as well as others by this court, there could be no objection to the title in this case although the restraint might not be forbidden by the statute, *supra,* because all of the above vendees joined in conveyances transferring their titles and no one but them and their heirs, under the doctrine of the case of Kentland Coal & Coke Co. v. Keen, 168 Ky. 836, and others following it, could take advantage of a breach of the restraint but themselves as heirs of the testator, and they would be estopped by their respective deeds to do so. However, we have concluded to not determine that question in this opinion, for the reason that what we have hereinbefore said is sufficient to show that the judgment appealed from was correct.

The court also properly adjudged that the alleged codicil could not be considered as a part of the will because of the fact that it never had been offered for or actually probated, and that being true it was ineffectual as a testamentary document, notwithstanding the clerk recorded it along with the actually probated will. If it had been probated, and it so appeared in the probate order, we are of the opinion that it would be improper in this collateral attack to hear evidence to prove that it was holographic and did not require the attestation of witnesses.

Wherefore, the judgment is affirmed.