## Saffold v. Wright.

(Decided March 22, 1929.)

W. V. GREGORY for appellant.

WEBB & WEBB for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—
Affirming.

By the third clause of his will, bearing date May 3, 1907, and probated in the Graves county court July 21, 1919, Coleman Farthing bequeathed certain bank stock belonging to him in this manner: "I bequeath to my belowed wife all dividends on all my bank stock that I may own in any bank or banks at my death, for and during her natural life, and at her death said bank stock shall then be divided equally among my three children, and said bank stock shall not be sold or converted into money as long as said banks do business." The wife of the testator has been dead some years. After her death the bank stock owned by the testator at the time of

his death was divided between the three children of the testator, one of whom is the appellee, Malona D. Wright, in accordance with the directions of the will.

On the 10th day of November, 1928, Mrs. Wright entered into a contract with appellant to sell and assign to him 10 shares of the capital stock of the First National Bank of Mayfield, Ky., which she had acquired as a bequest under the will of her father, and subsequently out of her holdings of the stock of the bank she caused a certificate for 10 shares, of the par value of $25 each, to be issued in the name of appellant, which she tendered and offered to deliver to him in compliance with the terms of her contract, and demanded of him payment therefor, the sum of $625, the consideration agreed upon. Appellant declined to accept the stock and refused to pay the agreed consideration, upon the ground that appellee has no right nor authority, nor power, to sell or transfer any part of the stock, or convert the same into money, so long as said bank does business, and that, under the will of Coleman Farthing, a good and valid title to the stock cannot be made by her. The lower court decided contrary to appellant's contention, and he has appealed.

The parties have presented the case to us upon the theory that its determination is controlled by section 2360, Kentucky Statutes, and appellant has briefed it upon the theory that the statute referred to applies only to contingent estates and not to vested estates, and that the restriction imposed by the will is valid and enforceable. Appellee has briefed the case upon the theory that section 2360 is of dual capacity, allowing limited restraints upon alienation of vested estates, as well as being declaratory of the common-law rule against perpetuities. The case has been thoroughly and most learnedly briefed on either side.

Without undertaking a differentiation of the cases relied on by the parties, respectively, or a construction of section 2360, as to its applicability to the case at bar, it seems to us that this case can be, and ought to be, determined upon a broader principle—a well-established rule in this jurisdiction—that is, whether the restraint upon alienation of the stock in question is, or is not, an unreasonable one. In a long line of cases, beginning with Stewart v. Brady, 3 Bush, 623, down to Perry v. Metcalf, 216 Ky. 755, 288 S. W. 694, we have held that, in the granting or devise of a vested estate, restraint

upon alienation may be imposed for a reasonable period of time, but not beyond the life of the grantee or devisee, as well be seen from a consideration of the cases of Stewart v. Brady, supra; Stewart v. Barrow, 7 Bush, 368; Kean's Gdn. v. Kean, 18 S. W. 1032, 19 S. W. 184, 13 Ky. Law Rep. 956; Wallace v. Smith, 113 Ky. 263, 68 S. W. 131, 24 Ky. Law Rep. 139; Johnson v. Dumeyer, 66 S. W. 1025, 23 Ky. Law Rep. 2243; Morton's Gdn. v. Morton, 120 Ky. 251, 85 S. W. 1188, 27 Ky. Law Rep. 661; Lawson v. Lightfoot, 84 S. W. 739, 27 Ky. Law Rep. 217.

But in this case the testator has attempted to impose a restraint upon alienation which, as to matter of time, is practically without limit. It is for "so long as said banks do business." We take judicial cognizance of the fact that charters of banks, by a mere formality in procedure, may be extended from time to time indefinitely. A bank may continue to do business for centuries; and to uphold the restraint imposed by the will in question would withhold the property from commercial activities indefinitely, and in all probability beyond the lifetime of the appellee. The condition with which we are now confronted is, in effect, the same as was presented to us in the case of Harkness v. Lisle, 132 Ky. 767, 117 S. W. 264. In disposing of it, we said:

"We then come to the question whether or not the restriction contained in the will under discussion is reasonable. Here the testator attempted to impose a restraint upon alienation, not for a specified period of time, nor until the devisee arrived at a certain age, but during the entire lifetime of the devisee. The general rule is that the right of alienation is an inherent and inseparable quality of every vested fee-simple estate. To hold that alienation could be restrained during the lifetime of the fee-simple holder would be to deprive the fee of all its essential qualities. As said by Littleton: 'If such a condition be good, then the condition should oust him of all power which the law gives him, which should be against reason.' While bound by the former adjudication of this court to adhere to the doctrine that a limitation for a reasonable length of time is valid, we have no hesitation in saying that the limitation attempted to be imposed by the will in question is unreasonable. A testator cannot devise a fee, and then destroy it entirely."

In Brock v. Conkwright, 179 Ky. 555, 200 S. W. 962, we said:

"The general rule which prevails is that, where the fee simple title to an estate under a deed or will passes to the grantee, any restraint, attempted to be imposed by the grantor upon the grantee to prevent alienation of the property is void and the restraining clause will be rejected; but, in this jurisdiction a reasonable restraint may be imposed and such a provision will be upheld."

In the case of Thurmond v. Thurmond, 190 Ky. 582, 228 S. W. 29, we said:

"Likewise, if appellant was devised the fee in the land, she might properly be restrained from alienating it for a reasonable period of time, but an attempt to restrain its alienation by her during her entire lifetime would be an unreasonable restraint and repugnant to the ownership of a fee, and therefore void."

In Cammack v. Allen, 199 Ky. 268, 250 S. W. 963, we said:

"In the case of Kentland Coal & Coke Co. v. Keene, 168 Ky. 836, 183 S. W. 247, L. R. A. 1916D, 924, the history of the law in this state affecting the right of a grantor or testator to impose restraints on the alienation of a created fee was gone into and discussed at some length. After reviewing prior cases from this court, some of which are inserted in the opinion, it was therein pointed out, as was held in the case of Harkness v. Lisle, 132 Ky. 767, 117 S. W. 264, that an attempted restraint of the right of alienation by the vendee or devisee of the fee during his life would transgress the common-law rule against such restraints and would not be upheld. That case as well as Lawson v. Lightfoot, 84 S. W. 739, 27 Ky. Law Rep. 217, furthermore states that this court is more liberal in upholding partial restraint on the alienation than perhaps any others in any of the states. At common law no restraint upon the alienation of an absolute title howsoever slight was permitted; but the right to impose partial restraints—i. e., until the arrival of the grantee at a designated age, or until any other reasonable time— was perhaps first indorsed by this court in the case

of Stewart v. Brady, 3 Bush, 623, since which time the question has been before us a number of times until now, as will be seen from the cited cases in the Keene opinion, a restraint during the life of the grantor or testator will be upheld, but, as stated, one for the life of the grantee or devisee will be treated as void and given no effect. That being true, the attempted restraint by the testator, Elijah J. Allen, on the right of any of his devisees to sell the property involved during the life of any one of them (including the one making the sale) was and is void. . . . "

To the same effect are the cases of Ramey v. Ramey, 195 Ky. 673, 243 S. W. 934; Perry v. Metcalf, 216 Ky. 755, 288 S. W. 694.

While in the cases cited the property involved was real estate, the general rules against restraint of alienation apply with equal force to personal property (21 R. C. L. 304; U. S. Fidelity & Guaranty Co. v. Douglas' Trustee, 134 Ky. 394, 120 S. W. 328, 20 Ann. Cas. 993); and the estates involved in those cases were vested ones. It is obvious, therefore, that the rule applies to vested estates.

Appellant has suggested, but has not strongly insisted, that as by clause 5 of his will the testator devised to appellee certain real estate for her life, with remainder to her children, and concerning which he provided that "the annual rents, together with the dividends on the bank stock, be paid to Malona individually," it was his intention, as to the bank stock in question, to create a life estate in his widow, a life estate in the remainder to his children (including appellee), and remainder in fee to his grandchildren. To this we cannot agree. Such a holding would do violence to clause 3, wherein he specifically bequeathed the bank stock, and by plain and unambiguous terms gives the dividends thereon, to his wife for life, "and at her death said bank stock shall then be divided equally among my three children." That language can have but one meaning. Clause 5 was not intended to, and does not, limit the estate in the bank stock bequeathed by clause 3.

Without extending this opinion, or elaborating by reasoning or argument the conclusions reached in our former opinions cited herein, we have no hesitancy, as was said in Harkness v. Lisle, supra, in holding that the

restraint against alienation of the stock in question attempted to be imposed by the will under consideration, is unreasonable, and therefore invalid.

The judgment of the court below being in accord with our conclusions as herein expressed, it is affirmed.

Whole court sitting.