### Hite et al. v. Barber et al.

Dec. 10, 1940.

J. F. Bailey, Judge.

Howes & Walker for appellants.

B. H. Vaughan for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This case presents the question as to the character of estate taken by Lemuel E. Hite under a deed from Eugene J. Hite and Lula Stratton Hite, the essential provisions of which, aside from the description of the property, are:

"Witnesseth: That for and in consideration of the love and affection the parties of the first part bear to their son, the party of the second part, and other considerations hereinafter set out, the parties of the first part, hereby convey to the party of the second part, and the heirs of his body, and should he die without heirs of his body, then to my Brother, William Lewis Stratton, and heirs of his body; subject to a life estate reserved by Lula Stratton Hite, party of the first part, and upon the conditions and restrictions hereinafter more particular set forth, the following described lot of land, in Paintsville, Johnson County, Kentucky, viz.: (here follows description)

"It is further a part of the consideration of this conveyance that the said Lemuel E. Hite is to provide for and support and maintain the said Lula Stratton Hite, his Mother, during her lifetime.

"It is further part of the consideration of this conveyance that the said property shall not be sold or mortgaged or subject to the debts of the said Lemuel E. Hite, or anyone else who may take under this Deed for a period of sixty years, and the said Lemuel E. Hite or anyone else who should become vested with an Estate to said property by reason of this Deed shall pay all taxes, keep up the insurance and all improvements on said property.

"The object of this Deed being to provide my Son, Lemuel E. Hite, with a home, in his old age, which he cannot dispose."

If Lemuel was conveyed a fee-simple estate, he can carry out his agreement to convey a good title by general warranty deed to the Barbers. If he took less than a fee, he can not convey such title and the ruling of the trial court in adjudging that the Barbers recover the amount that they had paid on the property was correct.

·It is first insisted that the provision that the property could not be sold or mortgaged, or subjected to the debts of Lemuel or anyone else taking under the deed for a period of sixty years, violates Section 2360 of the Statutes, and therefore Lemuel took a fee simple title. Granting that the provision contravenes the statute just mentioned, Saulsberry v. Saulsberry, 140 Ky. 608, 131 S. W. 491; Perry v. Metcalf, 216 Ky. 755, 288 S. W. 694, we are still confronted with other provisions of the deed. An entirely different situation would be presented if the sixty-year restraint provision was the only one before us.

The conveyance was to Lemuel and the heirs of his body, with the further limitation that, in the event he dies without heirs of his body, then to William Lewis Stratton and the heirs of his body, a life estate being reserved by Lula Stratton Hite. The deed also sets forth that its object was to provide Lemuel with a home in his old age "which he can not dispose." The appellees insist that Lemuel took only a life estate in the property, but the situation is not altered regardless of whether he took a life estate or a defeasible fee, the largest estate that he could possibly have taken under the deed. In either event he could not convey a perfect title. Hinkle v. Hinkle, 168 Ky. 286, 181 S. W. 1116; Cooper's Adm'r v. Clarke, 192 Ky. 404, 240 S. W. 361; Murphy v. Murphy, 182 Ky. 731, 207 S. W. 491.

Wherefore, it is our conclusion that the judgment should be and it is affirmed.