**THORNTON v. KIRTLEY et al.**

Court of Appeals of Kentucky.

June 20, 1952.

D. L. Thornton, Rob't S. Hammond, David J. Howard, Versailles, for appellant.

Eugene Cochran, Louisville, E. P. Carrier, Nashville, Tenn., for appellees.

STANLEY, Commissioner.

The late Mrs. Roberta W. Nelson by *Item Three* of her will devised to the Woodford Bank and Trust Co., in trust, 142 shares of stock which she owned in the bank for the purpose of paying the taxes and insurance on the farm devised in Item Four, and distributing the balance of the income to testatrix' three children or their descendants, or the survivors. It was further provided: "This trust shall continue throughout the lives of my said three children, and thereafter until my youngest grandchild who is living at the time of my death reaches the age of twenty-one (21); then this trust shall cease and my said Trustee is directed to divide the corpus of the trust among the descendants of my said three children, per stirpes."

By *Item Four* testatrix devised her farm with the furnishings in the house to her daughter, Roberta Ward Kirtley, in trust for the use and benefit of testatrix' children and gave to them or their descendants the right to have a home there. She made the same provision as in Item Three for the disposition of the property upon the death of any of her children, and then provided in relevant part: "This trust shall continue for a period of fifty (50) years from the date hereof, and at the expiration, said property shall vest in fee simple to those beneficially entitled. * * * I direct that in no event shall said farm be sold at public

auction, but upon dissolution of the trust, the property shall be transferred in kind or sold at private sale to bring the best price possible in the discretion of the Trustee."

A week after she executed the will, Mrs. Nelson made what may be regarded as a crude, holographic codicil disposing of numerous items of jewelry, etc. It contained this provision: "All my ornaments rugs, silver, portraits shall stay in the house. A memorial for our hard work—and to hold up Joe's hands."

Within a month thereafter she executed a formal codicil adopting the holographic memorandum or codicil just referred to as a part. She also expressly declared, "I amend" Item Three of her will and provided that the bank, as trustee of the stock, should in addition maintain and provide perpetual care of a cemetery lot in Versailles, Kentucky, and the graves of Mr. Nelson's parents in Minnesota. She added, "and that said trust instead of ceasing at the time my youngest grandchild becomes twenty-one (21) years of age, shall continue instead thereof until fifty (50) years from the date of the will referred to above; and at the end of said fifty (50) year period shall cease and the Trustee shall then continue to hold five (5) shares of the Woodford Bank & Trust Company stock in trust perpetually for the maintenance of the Nelson Lot and the graves in Minnesota as above and divide the remainder of the corpus of the trust among my three children, and if any or all of said children shall then be dead, then said child's interest shall be divided among his heirs at law, per stirpes. I direct the Trustee named in Item Four of my will during the life of this trust not to remove from the house any of the portraits, rugs, silver or fine ornaments, or the mirror or the parlor chandelier, except as otherwise directed in a memorandum left by me."

The executor has sought a declaratory decree construing the will in respect to the validity and meaning of the trust provisions. It is alleged that the personal property not included in the trusts is not sufficient to pay the debts (said to include a $50,000 mortgage) and the inheritance and estate taxes.

The court adjudged (1) Item Three as amended by the codicil is void since it violates KRS 381.220 declaring that power of alienation of property "shall not be suspended, by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter." Further, that the trust of five shares of stock to commence at the end of the 50 year period and to continue perpetually was an inseparable part of the devise as stated in the codicil and is likewise void. (2) Item Four, undertaking to place the farm and furnishings in trust for 50 years, is void for the same reason. (3) The property passes in fee simple to the three children of the testatrix.

All parties agree that the judgment is correct except as to the effect of the codicil modifying Item Three of the will. See Stevens v. Stevens, Ky., 54 S.W. 835; Fidelity Trust Co. v. Lloyd, Ky., 78 S.W. 896; Perry v. Metcalf, 216 Ky. 755, 288 S.W. 694; Fox v. Burgher, 285 Ky. 470, 148 S.W.2d 342; Ford v. Yost, 299 Ky. 682, 186 S.W.2d 896, 162 A.L.R. 149.

The executor argues that the strong intent of the testatrix was to have the bank stock held in trust for a long period of time and that she would not have revoked or amended the original provision by the codicil had she known it would render the trust invalid; and since the trust for the maintenance of the cemetery lots does not conflict with the statute against perpetuities, the court should construe the combined disposition as valid insofar as it relates to such purpose.

KRS 381.260 permits such an extended trust for a charitable or humane purpose if the provision points out with reasonable certainty the purposes and beneficiaries. A bequest for the maintenance of burial lots is within the terms. Street v. Cave Hill Investment Co., 191 Ky. 422, 230 S.W. 536.

The appellant invokes the doctrine of Dependent Relative Revocation.

In broad outline it seems to mean an intentional revocation of a will, in whole or in part, dependent upon a condition, mistake or act. We need not go into the intricacies of the doctrine or its limited recognition in this jurisdiction because it does not seem to us to be applicable. See Breathitt v. Whittaker's Executors, 47 Ky. 530, 8 B.Mon. 530; Carpenter v. Wynn, 252 Ky. 543, 67 S.W.2d 688. "The Doctrine of Dependent Relative Revocation in Kentucky" by Woodson D. Scott, 16 Ky. Law Journal 54; "Dependent Relative Revocation" by Alvin E. Evans, 16 Ky.Law Journal 251; "Testamentary Revocation by Act to the Document and Dependent Relative Revocation" by Alvin E. Evans, 23 Ky.Law Journal 559.

In United States Fidelity & Guaranty Co. v. Douglas' Trustee, 134 Ky. 374, 120 S.W. 328, it was held that a codicil which created a void remainder and was therefore inoperative did not affect the provision of the will inconsistent therewith, and that the provision remained in force since the codicil contained no revocation clause and it did not appear by implication that the testator intended the codicil to revoke the original will. The distinction between that case and the case at bar is that this codicil expressly declares it to be an *amendment* of Item Three of the will. It modified the original provision in two respects. One changed the duration of the trust, and the other added the maintenance of the burial places to the uses of the income. The codicil was expressly intended to operate as a modification and not revocation so that it confirmed and republished the provision as changed. The two instruments are to be read together as one with the inconsistencies reconciled by adopting the terms of the codicil. Patterson's Executor v. Dean, 241 Ky. 671, 44 S.W.2d 565; Breckinridge v. Breckinridge's Executors, 264 Ky. 82, 94 S.W.2d 283; McGinnis v. Moore, 278 Ky. 587, 129 S.W.2d 141; Ward v. Curry's Executor, 297 Ky. 420, 180 S.W.2d 305.

We then have Item Three establishing a trust for (1) the payment of taxes and insurance on the farm during the duration of the trust created by Item Four,

(2) the maintenance of the cemetery lots, and (3) distribution of the balance among testatrix' children or their heirs. The first purpose fails because the trust provision for the farm falls out and, as well, because it violates the statute against perpetuities, and the third purpose fails for the same illegality. As to the second purpose, it is quite certain the testatrix never intended that if the trust in its major purposes should fail, nevertheless it would stand for the limited use of caring for the burial lots. It is a reasonable construction that in this respect and to that extent it is inseparable. The intent manifested from the codicil is that the income from five shares of the stock should be used in perpetuity for that purpose. If that be deemed separable, it was not to be set apart until after fifty years had expired. A future charitable trust must vest or become established within the time allowed by the perpetuity rule. Letcher's Trustee v. Letcher, 302 Ky. 448, 194 S.W.2d 984. Failure of the preceding fifty year trust cannot accelerate the commencement of the five share trust, so it must likewise fail. Sanford's Administrator v. Sanford, 230 Ky. 429, 20 S.W.2d 83.

The judgment is affirmed.