Albin L. CARLSON et al., Plaintiffs and Appellants,

v.

TIOGA HOLDING CO., et al., Defendants and Respondents.

No. 7429.

Supreme Court of North Dakota.

July 26, 1955.

Rehearing Denied Oct. 11, 1955.

Bjella & Jestrab, Williston, for appellants.

Joseph P. Stevens, Minot, H. G. Nilles, Fargo, on the brief, for respondents.

238

BURKE, Chief Justice.

Plaintiffs brought this action to nullify a declaration of trust and conveyances of certain mineral interests made pursuant to such declaration upon the ground that both the declaration and the conveyances violate express provisions of the statutes of this state. Upon trial of the action the court found against the plaintiffs and awarded judgment in favor of the defendants. Plaintiffs have appealed from the judgment and have demanded a trial anew in this court.

The avowed purpose of the trust was to pool the oil and gas interests of the parties thereto so they "may share in the income derived therefrom upon such lands as may produce oil, gas or other minerals (except coal)." The agreement provided that it should "be limited to and include forty parties of the second part, no more and no less, each of which shall, in addition to executing this agreement, transfer to the trustee, for the benefit of the trust, the one half interest in oil, gas or other minerals (except coal) in one quarter section of land." The agreement also provided that the beneficial interest in the trust estate should be divided into one thousand shares; that each of the forty parties of the second part should receive twenty shares, upon conveying the prescribed mineral interest and executing the trust agreement, and that the trustee should receive two hundred shares as compensation for managing, collecting and distributing the trust income. Certificates of beneficial interest were to be issued. These certificates were transferable and would entitle "the owner and holder thereof to a share of all revenues derived from the sale of oil, gas and other minerals (except coal) produced on the lands described in the agreement." As to termination the agreement provided:

"The term for which this trust agreement shall exist is for a period of ten years, unless, prior thereto actual drilling has been commenced, or oil, gas, or other minerals (except coal) are being produced upon any of the lands conveyed to the trustee in accordance with this agreement, then and in that event, this agreement shall remain in force and effect so long as oil, gas or other minerals (except coal) are being produced therefrom.

"At the end of the term, of this agreement, the trustee shall by proper mineral deed transfer to the then owner and holder of the legal title of the property, from which a portion of the oil, gas or mineral (except coal) rights were transferred to the trustee in pursuance hereof, all of the rights so obtained under this agreement, and in the event of the failure or neglect to do so, the holder of the title to the property, may upon making a showing to the District Court, of the County in which such lands are located, that this agreement has terminated by and in accordance with the terms thereof, obtain an order directing the Clerk of said District Court to execute such a deed which shall have the same force and effect as if executed by said trustee.

"At the termination of this trust agreement, the trustee shall distribute all of the assets of said trust except as herein provided for, to the holders of the certificates of beneficial interests in said trust, in proportion to their interests."

The plaintiffs are parties to this trust agreement and each has conveyed to the trustee one half interest in the oil, gas and other minerals (except coal) in a quarter section of land. The defendants are the trustee and other parties to the trust agreement.

The mineral interests conveyed to the trustees are interests in real property. Northwestern Improvement Co. v. Morton County, 78 N.D. 29, 47 N.W.2d 543; Beulah Coal Mining Co. v. Heihn, 46 N.D. 646, 180 N.W. 787. This trust therefore is one to hold real property, to receive the rents and profits thereof and to distribute them to the beneficiaries of the trust.

The plaintiffs assert that this trust suspends the absolute power of alienation of the trust property for a period longer than that permitted by statute and that the trust is therefore void. The statute in effect at the time of the execution of the trust instrument was Section 47-0227, NDRC 1943. This statute provides:

"Except in the single case mentioned in section 47-0413, the absolute power of alienation cannot be suspended, by any limitation or condition whatever, for a longer period than as follows:

"1. During the continuance of the lives of persons in being at the creation of the limitation or condition; or

"2. For a period not to exceed twenty-five years from the time of the creation of the suspension."

Section 47-0413, mentioned in the quoted statute relates to a contingent remainder created upon a prior remainder and is not pertinent here.

■ The absolute power of alienation is suspended when there are no persons in being by whom an absolute interest in possession can be conveyed. Section 47-0231, NDRC 1943.

The first question then is: Are there persons in being during the duration of the trust who can convey an absolute interest in possession with respect to the real property interests held by the trustee.

Section 59-0314, NDRC 1943 provides:

"Except as otherwise provided in this chapter, every express trust in real property, valid as such in its creation, vests the whole estate in the trustees, subject only to the execution of the trust. The beneficiaries take no estate or interest in the property but may enforce the performance of the trust."

Section 59-0319, NDRC 1943 provides:

"If a trust in relation to real property is expressed in the instrument creating the estate, every transfer or other act of the trustee in contravention of the trust is absolutely void."

■ The trust instrument in this case requires the trustee to hold the trust property intact during the continuance of the trust. A conveyance by the trustee, therefore, of any of the trust property, while the trust was in effect would, under the statute, be absolutely void. The beneficiaries, having no estate or interest in the trust property, have no power to convey. It is clear therefore that this trust suspends the absolute power of alienation of the trust property during the duration of the trust. Penfield v. Tower, 1 N.D. 216, 46 N.W. 413; Hagen v. Sacrison, 19 N.D. 160, 123 N.W. 518, 26 L.R.A.,N.S., 724.

The next question is: Is this period of suspension of alienation longer than that permitted by statute? The duration of the trust is not limited upon lives in being or for twenty-five years. The limitation is for ten years and for as long thereafter as oil and gas may be produced from the trust property.

■ The test of whether the absolute power to alienate has been suspended beyond the statutory limit is not whether the suspension may terminate before the expiration of the statutory limit but whether there is any possibility that the suspension may continue beyond it. If such possibility exists the suspension is void. 70 C.J.S., Perpetuities, § 48, page 646. Ford v. Yost, 299 Ky. 682, 186 S.W.2d 896, 162 A.L.R. 149; In re Hartwig's Estate, 119 Mont. 359, 175 P.2d 178; Monarski v. Greb, 407 Ill. 281, 95 N.E.2d 433; In re Carlson's Will, Sur., 111 N.Y.S.2d 591.

The trust under consideration and the suspension of the absolute power of alienation under it may by the terms of the trust continue indefinitely. No one can say how long that may be. It clearly violates the statute prohibiting the suspension of the absolute power of alienation for a longer period than that of lives in being or twenty-five years.

The defendants contend, however, that the trust is a business or "Massachusetts Trust" and that such a trust does not suspend the power of alienation because there are persons in being who may unite and by their united action terminate the trust at any time and that thereupon the trustee may make conveyances of the trust property in accordance with the directions contained in the trust instrument. This contention cannot be sustained under the statutes of this state. The trustee is bound by the trust instrument. Under the provisions of Section 59-0319, NDRC 1943, supra, any act by the trustee in contravention of the trust is absolutely void. He has no power therefore to agree to a termination of the trust prior to the time provided for its dissolution by the trust instrument itself. As was said in Penfield v. Tower, 1 N.D. 216, 221, 46 N.W. 413. "The trust is indestructible during its continuance, even with the consent of all the trustees and all the beneficiaries." Construing an identical statute, the Court of Appeals of New York in Douglas v. Cruger, 80 N.Y. 15, 19, said:

"The purpose of the statute was to make these trust estates and trust interests indestructible and absolutely inalienable during the existence of the trust * * *."

See also Restatement of the Law of Property Vol. IV (Appendix Chapt. 13, Sec. 64) 2792.

We are satisfied therefore that the declaration of trust of the Tioga Holding Company is void and that plaintiffs are entitled to judgment as prayed for in their complaint.

The judgment of the district court is therefore reversed.

GRIMSON, JOHNSON, SATHRE and MORRIS, JJ., concur.