127 N.W.2d 497 (1964)
Orville A. JOHNSON et al., Plaintiffs and Respondents,
v.
Thomas C. FITZMAURICE, as Trustee under the Trust creating the Burke-Divide Holding Company, et al., Defendants, and
Thomas C. Fitzmaurice, as Trustee under the Trust creating the Burke-Divide Holding Company, A. C. Matson, Cora Matson, G. L. Doughty, Hilda Doughty, H. O. Joraanstad and Loretta Joraanstad, Appellants.
No. 7994.
Supreme Court of North Dakota.
April 2, 1964.
Nilles, Oehlert & Nilles, Fargo, for appellants.
F. Leslie Forsgren and Wallace L. Herreid, Crosby, for respondents.
BURKE, Judge.
In this action plaintiffs sought to set aside a declaration of trust and certain conveyances of mineral interests made pursuant to such declaration upon the ground that both the declaration of trust and the conveyances suspend the absolute power of alienation for a longer period than is permitted by the statutes of this State. The trial court, following the decision of this Court in Carlson v. Tioga Holding Co., 72 N.W.2d 236, held that the declaration of trust and the conveyances made pursuant thereto were null and void. The defendants have appealed from the judgment and have demanded a trial de novo in this Court.
The instrument of trust which is under consideration here is identical in all respects to that which was before the Court in Carlson v. Tioga Holding Co., supra. The defendants frankly concede that their contentions cannot be sustained *498 unless that decision be overruled. They say: "This is not solely a question of a restraint against alienation, as it was treated in the Tioga case, but is rather a question of whether the Courts of North Dakota are going to recognize the entity of a business trust, and if so, recognize that a business trust is not subject to the restraint against alienation statutes. We concede that if the court is going to apply the restraint against alienation statutes as it would to any testamentary or inter vivos trust, then the Tioga case must control."
The trouble with the proposition, as stated, is that it asks this Court to write an exception into the controlling statute. The statute, section 47-0227 NDRC 1943, now 47-02-27 NDCC prohibits the suspension of the absolute power of alienation for a longer period than the duration of lives in being or twenty-five years. The only exception contained in the statute relates to a situation where a contingent remainder is created upon a prior remainder. Otherwise, under our statute, it is not material by what type of instrument, or by what device, the power of alienation be suspended. If under the terms of the instrument the power of alienation may be suspended beyond the statutory limit, the instrument is void.
Many states have enacted statutes authorizing the creation of "Massachusetts" or business trusts and exempting such trusts from the prohibition against the suspension of the power of alienation. North Dakota has no such statute, and in our view it would be a gross usurpation of legislative power by this Court if it were to engraft such an exception upon the applicable statute. We therefore reaffirm our decision in Carlson v. Tioga Holding Co., supra, and affirm the decision of the trial court in this case.
MORRIS, C. J., and TEIGEN and STRUTZ, JJ., concur.
ERICKSTAD, J., not being a member of the Court at the time of submission of this case, did not participate.